Davenport
*v.*
Lamson.

---

## ELBRIDGE G. WILLIAMS *versus* The Inhabitants of SCHOOL DISTRICT No. 1, IN LUNENBURG.

In an action against a school district to recover back money paid for a school district tax, the plaintiff objected that the meeting at which the tax was voted, was called by a prudential committee, elected at a meeting warned under an irregular warrant.  *Held*, that the question of the regularity of this warrant was not open ; it was sufficient that the committee was a committee *de facto*.

In a book of records of a school district, it did not appear that at a certain meeting there was an election of a prudential committee ; and another record was introduced, which the clerk of the district testified contained a true record of the meeting, and in which the election of such a committee was entered ; he further testified, that both these records were made by him soon after the meeting, from loose memoranda put on paper at the time of the meeting.  *Held,* that the election of the committee was duly proved, the records not being contradictory, and both being originals, and the one which contained the entry of the election being of equal validity with the other.

Where the clerk of a school district removed into an adjoining district, but within the same town, and another was chosen in his stead but not sworn, it was *held*, that the first continued competent to act as clerk.

Where a warrant directed a constable to warn a town meeting, fourteen days before the meeting, and he returned that pursuant to the warrant he had warned the inhabitants to meet at the time therein named, dating his return less than fourteen days before the meeting, it was *held*, that this date did not prove that the warrant had not been served in due season.

Where a warrant for the annual town meeting, held by law for the purpose of choosing officers, contained articles " to choose all necessary town officers," and " to choose all necessary committees," and the statute allowed either of two modes of choosing committees, it was *held*, that under these articles the town was authorized to determine which mode should be pursued, and to pass a vote, " that each school district choose their own committees," this being one of the modes provided by statute.

In an action against a school district to recover back a tax which had been paid to a collector *de facto* of the town, it was *held*, that it was not open to the plaintiff to object that the officer had not been duly elected and sworn.

If the assessors omit through error of judgment or mistake of law, to assess on an individual a school district tax, the omission does not invalidate the assessment in regard to other persons.

If one of three assessors, after due notice, refuses to attend and act in assessing a tax, the other two may proceed without him.

In an action against a school district to recover back the amount of a tax paid for building a schoolhouse, evidence on the part of the plaintiff that there was already a sufficient schoolhouse in the district, was *held* to be inadmissible.

The provision in Revised Stat. *c.* 23, § 37, that an assessment of a school district tax shall be made within thirty days after the clerk of the district shall certify to the assessors the sum voted by the district to be raised, is only directory, and does not prohibit an assessment after the expiration of that period.

Assumpsit for money had and received to recover back $21·91 paid by the plaintiff for a school district tax, assessed upon him in 1836, as an inhabitant of School District No. 1, in Lunenburg. Trial in the Court of Common Pleas, before *Williams* J.

It was admitted that the plaintiff was arrested in January, 1837, by Jacob Hadley, a collector of taxes in Lunenburg, and that he thereupon paid the tax.

The defendants produced the school district records. By these it appeared, that a district meeting, to be held on April 11, 1836, was called by Thomas Spaulding as prudential committee (in the mode prescribed by the district in 1835), by a warrant under his own hand, dated April 4, 1836. At the meeting held on the 11th of April, the district voted "to raise the sum of $692 to defray the expenses of building a schoolhouse and purchasing land sufficient to set said house on."

At the same meeting Joseph Lamb was elected clerk, and three justices of the peace, who were present, were severally requested by the moderator to administer to him the oath of office, but they refused, and the oath was not administered.

It also appeared in the records, that a warrant had been issued by the selectmen of Lunenburg, dated June 1, 1835, directed to Spaulding, requiring him to warn the inhabitants of the district to meet on the 13th, among other things, to choose a prudential committee man. It was objected by the plaintiff, that it did not appear why the selectmen issued this warrant. It was then testified by Spaulding, that he and five or six others, inhabitants of the district, among whom were

four or five freeholders, signed a written application to the selectmen, requesting them to issue the warrant; and that diligent search had been made to find the application, but in vain. The warrant contained no allusion to such an application. The plaintiff objected to this evidence, but it was admitted by the court.

On the same book of records it appeared, that at the meeting on the 13th of June, 1835, William Harrington was elected clerk, and was qualified for the office before Edmund Cushing, justice of the peace. It did not appear on this book that any person was chosen prudential committee. The defendants then introduced another record, which Harrington testified contained a true record of the meeting; which record differed from the other in two particulars; namely, after stating that Harrington was chosen clerk, it merely added, "and sworn by Edmund Cushing Esq.," and then it stated, that Spaulding was elected prudential committee man. Harrington testified, that the record of the election of the prudential committee was omitted by mistake, that both of the records were made by him soon after the meeting, from loose memoranda taken on paper at the time of the meeting, which were lost. He would not testify how long after the meeting, or whether it was one month after, that he made up the records from the memoranda, or that the records were exact copies thereof. The plaintiff objected to the records of this meeting, but the objection was overruled and the records admitted.

At the close of the above meeting Harrington resigned his office of clerk, and at a subsequent meeting held on July 18, 1835, Asa Whiting was chosen and qualified as clerk. Towards the end of March, 1836, Whiting removed his family and effects out of the territorial limits of the district, about 45 feet from one of the lines, where he was residing and had his domicil at the time of the meeting on April 11, 1836. He acted as clerk at that meeting, and certified in writing, on the 1st or 2d of May then next, to the assessors of the town, the vote passed at the meeting, to raise the sum of $692. This certificate was not produced, but evidence was given, that diligent search had been made in all the places where it would probably have been deposited, and that it could not be found.

The plaintiff objected to Whiting's acting as clerk after he had removed as above mentioned, and to the evidence of the certificate ; but the assessors testified that they received such a certificate from Whiting, and assessed the tax with the certificate before them, and by reason of having received it ; and the evidence was admitted.

The defendants then introduced the town records, in which it appeared that Jacob Marshall, Thomas Billings and Samuel Holman were chosen and qualified as selectmen and assessors of the town, at the annual meeting in March, 1836. The meeting was warned by a constable, under a warrant directing him to serve the same by posting up copies fourteen days before the time of the meeting. His return upon the warrant was, " Pursuant to the within warrant, I have notified and warned the inhabitants, &c. to meet at the time and place and for the purposes therein mentioned. Dated at Lunenburg this 23d day of February, 1836." The plaintiff objected to this return, but the objection was overruled.

In the warrant last mentioned were articles " to choose all necessary town officers," and " to choose all necessary committees." At the town meeting it was voted, that " each school district choose their own prudential committee." The plaintiff objected to the legality of this vote, but the objection was overruled.

In the record of the same meeting was the following entry : " Voted by ballot and chose Jacob Hadley collector for the year ensuing. June 22d, sworn." It was objected that this did not contain sufficient evidence that Hadley was qualified by taking the required oath.

The plaintiff objected that W. Legate, a non-resident assigned to this district, was not assessed in the tax. The assessors testified that he was a poor man ; that the real estate which he owned in Lunenburg was of little value ; that they had heard he was then sick ; that they supposed that no tax could very well be collected of him ; and that it was thought he would soon become poor enough to be supported by the town.

The warrant ordering Hadley to collect the school district tax, and the tax list, and the certificate of the assessment filed with the town treasurer, were each signed by Marshall and

Holman, two of the assessors of the town, but Billings, the other assessor, had not signed them. Billings testified that he did not know, and was not notified, when the tax was assessed, but that he was invited by Marshall, in June, 1836, to assist in assessing it, and that he then told Marshall that he would not be concerned in assessing this tax so long as the school district lines remained as they then were. Marshall testified that he repeatedly requested Billings to assist in assessing the tax, and that Billings refused and said he should not do any thing about it, and that if Marshall and Holman had a mind to assess the tax they might. Holman testified that Billings repeatedly refused to have any thing to do in assessing the tax.

The plaintiff then offered evidence to prove, that another schoolhouse, of brick, had been erected in the district but a short time before the one for the payment whereof this tax was assessed, which was sufficient to accommodate all the scholars ; and offered to introduce witnesses, inhabitants of the district, who would give it as their opinion that the brick house was all .nat the district required, and that one schoolhouse was all that the district intended to have. But the judge refused to admit the evidence.

For the purpose of presenting the questions of law involved in the facts and evidence in the case, the judge directed the jury to return a verdict for the defendants ; which was done accordingly. To the foregoing direction and rulings of the judge the plaintiff filed exceptions.

*Brooks* supported the exceptions. To the point, that Whiting could not act as clerk after he had removed from the district, he cited *Barre* v. *Greenwich,* 1 Pick. 129.

*Oct. 4th.*

*Torrey* and *Wood,·* for the defendants, cited on the same point, *St.* 1826, *c.* 143, § 6, 10 ; as to the warning of the town meeting, *Thayer* v. *Stearns,* 1 Pick. 109 ; *Briggs* v. *Murdock,* 13 Pick. 305 ; and as to the omission to tax Legate, *Dillingham* v. *Snow,* 5 Mass. R. 547 ; *Inglee* v. *Bosworth,* 5 Pick. 498.

SHAW C. J. delivered the opinion of the Court. Assumpsit to recover back money alleged to have been illegally assessed upon the plaintiff as a school district tax. The case comes before the Court upon exceptions to the decisions and

*April term
1839.*

directions of the Court of Common Pleas in matters of law.
Various exceptions were taken to the regularity of the meet-
ings of the school district at which the tax was voted, and
those preparatory thereto, in order to show that the tax was
not legally and rightfully assessed.

It was objected that the school district meeting, held April
11, 1836, was called by Thomas Spaulding, as the prudentia.
committee, and that this was irregular because he was chosen
at a meeting on June 13, 1835, called under a warrant issued
by the selectmen, which did not recite that they had been
applied to by members of the district to call such meeting.

It did appear from evidence *aliunde*, that they had been
applied to ; but the Court think it a sufficient answer to the
objection, that Spaulding was the prudential committee man
*de facto*, and that the regularity of the notice for the meeting,
at which he was chosen, is not open upon this inquiry.

It was excepted, that it does not appear by the *record*, that
Spaulding was chosen a committee man.    The answer to this,
and we think it satisfactory, is, that there were two records o
this meeting made by the proper officer, and each of equa.
validity.    They are not contradictory ; but in some particulars
the one contains entries that the other does not.    In one of the
records, which is testified to be an original equally with the
other, it does appear that Spaulding was chosen to this office.

The next exception was, that at a meeting held in April,
1836, Lamb was duly chosen as clerk, but was not qualified,
the justices of peace who were present having refused to ad-
minister the oath.    But in fact Lamb did not act as clerk at
that meeting, but Whiting, the previous clerk, continued to
act.    But it is objected that Whiting was not qualified, be-
cause another had been chosen, because he had removed his
residence beyond the limits of the district, and because he
was chosen at a meeting irregularly called, the preceding year.
The last objection has been already substantially answered.
In regard to his having removed out of the district, the case of
*Barre* v. *Greenwich*, 1 Pick. 129, is much relied on.    We
think there is a manifest distinction in the two cases.    The
Revised Statutes, *c.* 23, § 27, provide that the district shall
choose a clerk, to be sworn, &c., and who shall hold his office

until another shall be chosen and sworn in his stead. The manifest intent seems to have been, that there should at all times be a recording officer, charged with the duty of keeping a record of the proceedings and votes of the district. In this case the district had proceeded to choose another, but until he was qualified, we think, by force of the statute, the former clerk was competent to act.

It was also objected, that the assessors, who assessed the tax, were not chosen at a town meeting warned fourteen days before the meeting. Were this a valid objection, it is not supported by the proof. This is supposed to result from comparing the date of the return with the time of the meeting. But the date of the return is not conclusive of the time of service, and it does not appear that the warrant was not served fourteen days before the meeting.

Another exception was, that at the town meeting in 1835, it was voted, that each school district should choose their own prudential committee. It is objected that there was no article in the warrant to authorize this vote. It appears by the case, that this was the annual meeting, and there was an article in the warrant, " to choose all necessary town officers," and " to choose all necessary committees." This article in the warrant was sufficient, especially at the annual meeting, held by law, for the purpose of choosing officers. An article to choose all officers and all committees, is sufficient to warrant a vote, providing for the choice of an officer, in a mode provided by statute. To consider whether they will choose a particular officer, where two modes of doing it are authorized by law, is in effect to consider how they will choose him.

The next exception is, that Hadley the collector was not duly sworn, it being put against his name, " sworn," without stating what oath he took. But this is not a default for which the district is liable ; he was an officer of the town, not theirs, and whether duly sworn or not is immaterial to them.

It was further objected, that the assessors intentionally omitted to tax Legate, one of the inhabitants of the district, because he was very poor, and they thought would soon come upon the town for assistance, though he was not then a pauper. If this was done through error of judgment or any error and

mistake of the law in this respect, it does not invalidate the whole tax ; and the case shows nothing more.

Another exception was taken, that the assessment was made by two only of the three assessors. It appears by the case, that the other assessor received notice and was requested to act with them, but refused to do so. Where a body or board of officers is constituted by law to perform a trust for the public, or to execute a power or perform a duty prescribed by law, it is not necessary that all should concur in the act done. The act of the majority is the act of the body. And where all have due notice of the time and place of meeting, in the manner prescribed by law, if so prescribed, or by the rules and regulations of the body itself, if there be any, otherwise if reasonable notice is given, and no practice or unfair means are used to prevent all from attending and participating in the proceeding, it is no objection that all the members do not attend, if there be a quorum. In the present case, all three having had notice and an opportunity to act, the act of two is sufficient.

The defendant offered to prove that the district had one sufficient schoolhouse, but the evidence was rejected. We know of no law which prevents a school district, when their schoolhouse is in their opinion too small, or ruinous, or when by a change of districts, a schoolhouse, though within the limits of the district, is in an inconvenient situation, or when from any other cause it is unfit for the purposes for which a schoolhouse is intended, to vote to build another, before the former is actually taken down. The fact, therefore, if proved, would not show the tax illegal, and was rightly rejected.

The last exception is, that the tax was not assessed within thirty days. The statute is directory in this respect and not restrictive ; and they are not prevented from assessing after the expiration of thirty days. *Pond* v. *Negus*, 3 Mass. R. 230.

  *Exceptions overruled, and judgment of the Court of Common Pleas on the verdict for defendants, affirmed.*