## SALAMANCA TOWNSHIP *v.* WILSON.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

Submitted December 5th, 1883.—Decided December 17th, 1883.

*Kansas—Municipal Corporations, Officers of—Office, Resignation of—Service of Process—Statutes of Kansas.*

The removal of a treasurer of a township in the State of Kansas from the limits of the township into the limits of an adjoining township, without resigning his office, does not vacate the office so as to invalidate service of summons upon him in his official capacity for the purpose of commencing an action against the township.

*Mr. Wallace Pratt* and *Mr. Charles W. Blair* for plaintiff in error.

*Mr. James S. Botsford, Mr. Marcus T. C. Williams* and *Mr. Joseph Shippen* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In this case the judges holding the circuit court have certified a difference of opinion between them upon the hearing of a motion to set aside the service of summons on the plaintiff in error, being the defendant below. The return of service is in these words:

" Received the within writ September the 12th, 1882. I served the within summons on said Township of Salamanca, Cherokee county, State of Kansas, by delivering a true and certified copy thereof to Joseph A. Jones, the last elected and qualified treasurer of said Salamanca Township, in the county of Cherokee, State and District of Kansas ; and I made diligent search and inquiry for,

but could not find, in the Township of Salamanca, or county of Cherokee, State and Dist. of Kansas, the last elected and qualified trustee or clerk of said within defendant, Township of Salamanca.

" All done this 18th day of September, A.D. 1882.

" B. F. SIMPSON,

" U. S. M., Dist. of Kansas.

" By J. H. SMITH, Deputy."

The controlling question certified is as follows:

" 2. Whether service of said summons upon Joseph A. Jones, the last elected and qualified treasurer of said township, after said Jones had removed out of said township and across the line into the adjoining township of Crawford, in said county of Cherokee, was good and sufficient service of said summons."

It is not denied that the service was good if Jones was, in law, the treasurer of the township when served. By the Constitution of Kansas, art. 9, sec. 4, township officers, except justices of the peace, hold their offices one year from the Monday next succeeding their election, and until their successors are qualified. Jones was, therefore, presumptively in office when served, unless his removal across the line into Crawford township of itself created a vacancy. *Boston* v. *Buck*, 8 Kan. 302; *Rheinhart* v. *The State*, 14 Kan. 318; *Hubbard* v. *Crawford*, 19 Kan. 570.

There is nothing in the Constitution or laws of Kansas which requires a township treasurer to be a resident of, or voter in, the township when elected or qualified; neither is there anything which vacates the office if the officer removes from the township during the term for which he was elected. Justices of the peace are township officers, and as to them it is expressly provided that they "shall reside and hold their office in the township for which they shall have been elected." Sec. 4 [5970], Dassler's Comp. Laws (1879), 978. As no similar provision is made in respect to any other township officer, the implication necessarily is that actual residence in the township is not required of them. *Expressio unius est exclusio alterius*. That residence, as a qualification for office, was in the minds of

the framers of the Constitution and of the legislature is apparent, for art. 3, sec. 11, of the Constitution, provides that all judicial officers "shall reside in their respective townships, counties, and districts during their respective terms of office;" art. 2, sec. 4, that "no person shall be a member of the legislature who is not at the time of his election a qualified voter of, and resident in, the county or district for which he is elected;" and sec. 218 [1643] of the general statutes (Dassler's Comp. Laws, 311), that "ceasing to be an inhabitant of the county for which he was elected or appointed" vacates the office of a county officer.

Undoubtedly the removal of a township treasurer from a township may, under some circumstances, vacate his office and authorize the county commissioners to fill the place (sec. 12 [5978], Dassler's Comp. Laws, 978), but we think it does not necessarily vacate the office under all circumstances. In the present case the question is whether moving "across the line" into an adjoining township of itself has that effect. In our opinion it does not, and consequently we answer the second question certified in the affirmative. The motion to set aside the service was, therefore, properly overruled, and the judgment is                                    *Affirmed.*