School District No. 116 of Sedgwick County *et al.* v. William Wolf *et al.*

No. 15,619. (98 Pac. 237.)

SYLLABUS BY THE COURT.

1. School Districts—*Change of Boundaries—Verbal Request— Proceedings Irregular but Not Void.* Although the statute contemplates the filing of a petition with a county superintendent for the change of boundaries of a school district as a basis for the issuance by him of a notice setting a time for a hearing upon the requested change, yet where a verbal request is made for the change, proper notice is given, the interested parties appear, the order is made, and an appeal is taken to

School District v. Wolf.

the board of county commissioners, and the order is affirmed, the proceeding is only irregular and not void.

2. —— *Collateral Attack on Order Changing Boundaries.* Such an order, so made and affirmed, is final, and is not subject to collateral attack in a suit for an injunction.

3. —— *Vacation of Offices.* Upon the detachment of the territory within which a school-district officer resides from the school district of which he is an officer, his office immediately becomes vacant *ipso facto*, and may be filled by appointment.

4. —— *Office and Officers—Ouster.* A proceeding in *quo warranto* and not a suit for an injunction is the proper remedy for an illegal holding of a public office.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed November 7, 1908. Affirmed.

## STATEMENT.

THIS suit was brought August 7, 1906, for the purpose of having the order of A. D. Taylor, county super-intendent of public instruction of Sedgwick county, which purports to detach a portion of the territory of school district No. 116, in that county, and attach it to. school district No. 141, declared invalid, and to enjoin the individual defendants from exercising the duties of the several offices of director, treasurer and clerk of school district No. 116, and from exercising the duties of the official school board of such district. The suit was brought in the name of school district No. 116, and H. Schirenbeck, H. R. Goodman, and Alice Yoder, who claimed to hold the respective offices and to constitute the school board of the district.

On April 13, 1906, the county superintendent of public instruction, at the request and suggestion of residents of school district No. 116, issued a notice of a hearing on the application to change the boundaries of the school district. The notice of such hearing was duly posted, and on the ensuing May 12 the hearing was duly had. All of the individual plaintiffs were residents of the territory proposed to be detached, and

they, with a number of other residents of such territory, appeared at the hearing and opposed the allowance of the application. The application, however, was allowed, and plaintiffs appealed from the decision of the superintendent to the board of county commissioners, where the decision was affirmed in June, 1906. Thereupon the county superintendent appointed a director and clerk of the school district, evidently assuming that, by the detaching of the territory in which each of the old members of the school board resided, a vacancy occurred in each of the offices. It appears that two school-district meetings were held on July 19, 1906, at one of which Alice Yoder claims to have been reëlected clerk, and Schirenbeck and Goodman claim that they continued in office by reason of the non-expiration of the respective terms for which they had theretofore been elected. At the other annual school meeting of school district No. 116, on the same date, the defendants claim respectively to have been elected director, treasurer, and clerk of the school district.

The probate court issued a temporary injunction in the absence of the district judge, and on the trial of the case in the district court the court found the issues in favor of the defendants and denied a permanent injunction. The plaintiffs prosecute error.

*John W. Adams,* for plaintiffs in error.

*D. M. Dale,* and *S. B. Amidon,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The principal questions presented in this case are: (1) Was the order of the county superintendent, affirmed by the board of county commissioners, detaching the territory from school district No. 116 and attaching it to another school district, valid? (2) If this order was valid, it being conceded that each

member of the school board at the time the order was made, and thereafter, was a resident of the detached territory, did this *ipso facto* create a vacancy in each of the offices of such school board?

The plaintiffs contend that the county superintendent had no authority to issue the notice of the hearing on the application for a change of boundaries of the school district, for the reason that no written petition had been presented to him requesting the same. It was said in *The State v. Secrest,* 60 Kan. 641, 57 Pac. 500:

"No express provision is made for a petition to the county superintendent, but written notice of the proposed change of districts is specifically required, and therefore the statute plainly contemplates that a petition shall be made for the proposed change, and this is the basis of the notice given by the county superintendent." (Page 645.)

Assuming that the word "petition," as used in that case, means a written petition, the county superintendent in this case acted irregularly in issuing the notice upon a verbal request. The record, however, discloses that a proper notice was issued and properly posted; also, that a large number of the residents of the territory proposed to be detached appeared at the hearing, and upon receiving an adverse decision appealed from the action of the county superintendent to the board of county commissioners, which board affirmed the decision of the county superintendent. There is no question but that all the parties concerned fully understood the issue involved and had a full and fair opportunity to be heard; that after a full hearing was had the order was made, was appealed from, and affirmed. The proceeding was irregular in its inception, but not void. A portion of section 6121 of the General Statutes of 1901 reads:

"If in the formation or alteration of or refusal to form or alter school districts any person or persons shall feel aggrieved, such person or persons may ap-

peal to the board of county commissioners, who shall confer with the county superintendent, and their action shall be final."

Great precision and formality, especially in the absence of an express requirement of statute, should not be held imperative in *quasi*-judicial proceedings of this character. The order of the county superintendent as affirmed is valid and is final. Nor can the plaintiffs interfere by injunction with the management and control of the school affairs of school district No. 116, in which they no longer have an interest. (*School District v. Gibbs*, 52 Kan. 564, 35 Pac. 222.)

As to whether a detachment from the district of the territory in which a school-district officer resides creates a vacancy in the office, the authorities are not uniform. (See 23 A. & E. Encycl. of L. 426.) In the early case of *Williams v. School District in Lunenburg*, 38 Mass. 75, it was said in the syllabus as reported in 32 Am. Dec. 243, that a clerk of the school district "is competent to act as such, although he has removed into an adjoining district in the same town, and another has been chosen in his stead, but not sworn." The reason for the decision was set forth in the following excerpt from the opinion:

"The Revised Statutes, c. 23, § 27, provide that the district shall choose a clerk, to be sworn, etc., and who shall hold his office until another shall be chosen and sworn in his stead. The manifest intent seems to have been that there should at all times be a recording officer, charged with the duty of keeping a record of the proceedings and votes of the district. In this case the district had proceeded to choose another, but until he was qualified we think, by force of the statute, the former clerk was competent to act." (38 Mass. 80.)

In *Salamanca Township v. Wilson*, 109 U. S. 627, 3 Sup. Ct. 344, 27 L. Ed. 1055, in the syllabus it was said:

"The removal of a treasurer of a township in the state of Kansas from the limits of the township into the limits of an adjoining township, without resigning

his office, does not vacate the office so as to invalidate service of summons upon him in his official capacity for the purpose of commencing an action against the township."

In the opinion it was said:

"There is nothing in the constitution or laws of Kansas which requires a township treasurer to be a resident of, or voter in, the township when elected or qualified; neither is there anything which vacates the office if the officer removes from the township during the term for which he was elected. Justices of the peace are township officers, and as to them it is expressly provided that they 'shall reside and hold their office in the township for which they shall have been elected.' Sec. 4 (5970), Dassler's Comp. Laws (1879), 978. As no similar provision is made in respect to any other township officer, the implication necessarily is that actual residence in the township is not required of them. *Expressio unius est exclusio alterius.*" (Page 628.)

This decision is based expressly upon the absence of any requirement in the statute that the treasurer of a township should be a resident of the township when elected and qualified. Also it expressly implies that if there were such a requirement in the statute the rule would be different. In passing it may be said that soon after the publication of this decision the statute of Kansas was amended in the respect suggested. The school laws of Kansas (Gen. Stat. 1901, §§ 6125, 6127), in effect, limit the choice of director, clerk and treasurer of a school district to such electors thereof as shall have been in good faith residents of the district for thirty days next prior to the election.

As to whether the detachment of the territory in which an officer lives constitutes a removal of residence, this court, in *Frazer v. Miller,* 12 Kan. 459, has settled the policy of this state. In the syllabus it was said:

"Where by the division of a township one of its two justices is thrown into a new township, there is created a vacancy in the office of justice of the original township, which may be filled by appointment."

In the opinion, by Mr. Justice Brewer, it was said:

"He was removed from the township, not by his own volition, but by the act of partition. The result is the same, though the manner of accomplishment is different." (Page 461.)

We conclude that when the detachment of the territory in which all the members of the old school board resided became final by the affirmation of the decision of the county superintendent by the board of county commissioners the offices of the director, treasurer and clerk of school district No. 116 immediately became vacant *ipso facto*. The incongruity of a contrary holding is apparent when it is considered that the entire business management of the school district would thereby be turned over to officers who derive no emoluments from their offices and who have no interest in the affairs of the district. Making the school district a party plaintiff to this suit, in which it could in no event derive a benefit therefrom, is a more specific illustration.

Were the contrary view the law, however, this suit could not be maintained by the plaintiffs. A proceeding in *quo warranto* and not a suit for an injunction is the proper remedy for the illegal usurpation of an office.

Much is said in the briefs of the violating or ignoring of the temporary injunction issued in the case by the probate judge. Even if the probate judge had jurisdiction to issue a temporary injunction, which this writ purports to be (see *The State v. Johnston, ante,* p. 615), the question of a contempt thereof is not involved in this suit.

The district court determined the issues in this case in favor of the defendants, and the judgment is affirmed. The costs in this court are taxed to the plaintiffs other than school district No. 116.