No. 22,212.

SCHOOL DISTRICT NUMBER TWENTY-NINE in Finney County, *Appellant,* v. EMMA F. WILSON, as County Superintendent, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. SCHOOL DISTRICTS—*Territory Detached—New District Organized—Injunction—Void Order of County Superintendent—Incompetent Evidence.* A void order made by a county superintendent, undertaking to cancel and rescind her action in legally detaching territory from a school district and in organizing that territory into two new districts, may properly be excluded from evidence on the trial of an action to enjoin the county superintendent and others from recognizing or treating as part of the new school districts any of the territory detached.

2. SAME—*New District Lawfully Organized—Jurisdiction of County Commissioners to Hear Appeal.* Under section 8906 of the General Statutes of 1915, the board of county commissioners, at a special meeting called for that purpose, has no jurisdiction to hear an appeal from the action of the county superintendent in altering old school districts, or in forming new ones.

3. SAME—*Order of Superintendent Forming New District—May Not be Attacked by Injunction.* Neither a school district nor the district board can, by injunction proceedings, question the validity of the action of the county superintendent in detaching territory from such school district and organizing that territory into new districts.

4. SAME—*Evidence Properly Rejected.* An offer to introduce certain oral evidence was made. It is held that there was no error in rejecting the evidence.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed January 11, 1919. Affirmed.

*Edgar Foster,* and *W. C. Pearce,* both of Garden City, for the appellant.

*B. F. Stocks,* of Garden City, *L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to enjoin the county superintendent, the county clerk, and the county treasurer of Finney county from recognizing or treating as a school district, or school districts, any territory detached from district 29 in the county and organized into districts 36 and 37. Judgment was rendered for the defendants on a demurrer to the plaintiff's evidence. The plaintiff appeals. The petition, among other things, alleged:

"That at some time prior to the 12th day of August, 1918, the defendant Emma Wilson, as County Superintendent of Public Instruction of said Finney County, Kansas, pretended to divide said School District Twenty-nine (29) of Finney County, Kansas, and to change the boundaries thereof and to form two new districts by detaching from said School District Twenty-nine (29), Sections . . .

"That the said pretended change in said boundaries was not made in accordance with the laws governing the detaching and changing of boundaries of School Districts."

No evidence was offered to show that the proceedings of the county superintendent in detaching the territory from district

29 and in creating two new school districts were illegal. The evidence tended to show that district 37 was created on July 25, 1918, by the county superintendent, and that district 36 was created on July 26, 1918. Part of the territory taken from district 29 was put into each of the new districts. The county superintendent caused notices of the formation of the new districts to be posted on August 7, 1918. The petition also alleged that, on August 18, 1918, the county superintendent made an order rescinding and setting aside all former proceedings had and made by her with reference to detaching territory from school district 29; however, the order was dated August 12, 1918. The petition further alleged that the matter was appealed to the board of county commissioners of Finney county; and that the board sustained the appeal, rescinded and set aside the action of the county superintendent, and restored district 29 to its original boundaries.

1. The plaintiff offered in evidence the order signed by the county superintendent rescinding and setting aside her previous action. The court refused to admit the document in evidence. The plaintiff complains of its exclusion. The order was made after the territory had been detached from school district 29, and after that territory had been put into two new school districts. No notice was given to anyone that the superintendent would do anything to rescind or set aside her former action. After the territory had been detached, and the new districts had been organized, the superintendent had no power or authority to change the districts, except in the manner provided in sections 8891 and 8892 of the General Statutes of 1915. Under the authority of *The State v. Secrest,* 60 Kan. 641, 57 Pac. 500, after the county superintendent had detached territory from district 29, and had organized districts 36 and 37, and had posted notices concerning the organization of the new districts, the inhabitants of each of the districts, the officers thereof, and all county officers officially interested therein had the right to infer that the decision of the county superintendent was final, and that she would not again consider the matter, except in the maner provided by statute.

The plaintiff argues that the rescinding order signed by the county superintendent tended to prove certain recitals therein made—that the territory detached from district 29 could not

be legally organized into a school district, and that the order was approved by the board of county commissioners. The order was made without authority. It was not competent evidence to establish any fact recited therein.

2. The plaintiff offered in evidence a document purporting to be the order of the board of county commissioners on the appeal from the county superintendent to the board. The court refused to admit the document, and the plaintiffs complain of its exclusion. On its face, it appeared to have been made at a special meeting of the board called for the purpose of hearing the appeal. It was made on August 16, 1918, and the notice of appeal was given on the same day. The notice was served on the county superintendent and on the treasurer of district 29. The statute requires that the notice shall be served on the county superintendent, and that a copy shall be filed with the county clerk and with the clerk of all the districts affected by the alteration. The record does not disclose that a copy was filed with either of the two last named officers. Section 8906 of the General Statutes of 1915 provides that such an appeal shall be heard by a majority of the board of county commissioners at their next regular meeting. Under that statute, the board had no jurisdiction to hear the appeal, except at the next regular meeting after the appeal was taken. At the time the order was made, the board was without jurisdiction to hear the matter, and the order made was properly excluded from the evidence.

3. The defendants contend that injunction is not the proper remedy by which the plaintiff can question the validity of the action of the county superintendent or question the validity of the existence of the new school districts. They also contend that the action of the county superintendent cannot be collaterally attacked by the plaintiff in an injunction proceeding. In *School District v. Gibbs*, 52 Kan. 564, 35 Pac. 222, this court said:

"A school district cannot, by injunction, restrain the collection of taxes on lands detached from its territory and included in a newly-formed school district, nor restrain the school-district officers of such newly-created district from acting as such, nor control the action of the county superintendent in the discharge of his official duties in relation thereto." (syl.)

In *School District v. Wolf,* 78 Kan. 805, 98 Pac. 237, this court held that an order of the county superintendent changing the boundaries of a school district, approved by the board of county commissioners on appeal, is not subject to collateral attack in a suit for injunction.

The order of the county superintendent setting aside and rescinding her former action and the order of the board of county commissioners on the appeal were without jurisdiction and void. The order of the county superintendent creating school districts 36 and 37 cannot be questioned by the plaintiff in an injunction proceeding.

4. The plaintiff made formal offers to introduce certain oral evidence concerning the action of the county superintendent, the service of the notice of appeal, and the action of the board of county commissioners. The evidence offered was properly rejected, for the reason that the county superintendent had no authority to rescind her action in detaching territory from district 29 and organizing new districts, and for the reason that the board of county commissioners did not have any jurisdiction to hear the appeal at a specially called meeting of the board.

The judgment is affirmed.