No. 22,710.

THE STATE OF KANSAS, ex rel. R. J. HOPKINS, as Attorney-general, etc., *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS et al., *Defendants*.

SYLLABUS BY THE COURT.

1. SCHOOL DISTRICTS—*Changing Boundaries—Appeal to County Commissioners—Qualification of Commissioner to Act.* A county commissioner is not disqualified from acting on an appeal from an order of the county superintendent changing the boundaries of school districts, by reason of the fact that the commissioner owns property affected by the change of boundaries.

2. SAME—*Appeal Not Disposed of.* Such an appeal is not disposed of by the action of two members of the board of county commissioners, where one of them votes in favor of sustaining the appeal and the other votes against it.

3. SAME—*When County Commissioners Must Act on Appeal.* When such an appeal has been taken it must be heard by the board of county commissioners, and if the appeal is not determined at the first regular meeting of the board after it is filed, it may be determined at a subsequent meeting on proper notice.

4. SAME—*State a Proper Party to Maintain Action.* The state can maintain an action to compel a board of county commissioners to act on such an appeal.

Original proceeding in mandamus. Opinion filed March 6, 1920. Writ allowed.

*Richard J. Hopkins*, attorney-general, for the plaintiff; *F. Dumont Smith*, of Hutchinson, of counsel.

*W. E. Broadie,* county attorney, *William Osmond, Elrick C. Cole,* and *T. B. Kelley,* all of Great Bend, for the defendant; *A. L. Moffatt,* of Kinsley, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to compel the defendants to consider an appeal from an order of the county superintendent changing the boundaries of school districts in Edwards county. Each of the defendants has answered, and the plaintiff has demurred to those answers. The cause is presented on the demurrers.

In June, 1919, the county superintendent of Edwards county made an order changing the boundaries of school districts 6, 16, and 21, and posted notices notifying all persons of the changes. Appeals were taken from the order. At the next regular meeting of the board of county commissioners, defendant Ed Eslinger, one of the commissioners, absented himself from the meeting and did not take part therein, on the theory that he was disqualified from acting on the appeal because he owned land in one of the school districts affected by the changes. One of the two remaining commissioners voted to sustain the appeal, and the other one voted against it. Thereafter, the board of county commissioners appointed appraisers to carry into effect the order of the county superintendent changing the boundaries of the districts.

The county superintendent certified the change in boundaries to the county clerk; the county clerk certified the proper taxes to the county treasurer; and school district meetings were held, and there was an acquiescence in the action of the county superintendent by a large majority of the inhabitants of the districts affected.

Shortly thereafter an action was brought in the district court of Edwards county to enjoin the county superintendent from doing or performing any official act under the order changing the boundaries of the districts. In that action judgment was rendered in favor of the defendant, and no appeal was taken therefrom. Afterward an amended and supplemental petition was filed, and the same is now pending and undetermined in the district court.

1. The reason given by defendant Eslinger for his not acting with the other two members of the board of county commissioners when the appeal was heard, was not good. There is no statute excusing him from acting in his official capacity on account of his owning real property in one of the school districts. In almost every matter acted on by the board of county commissioners, each commissioner is interested to the extent, at least, that the property owned by him will be subject to the tax that must be levied to carry into effect the order of the board. The board of county commissioners deals with matters of taxation. The board levies taxes on the property of the members thereof as well as on that of their neighbors. If a county commissioner were disqualified on account of being interested in the result of his actions, the business of the county could not be successfully conducted.

Jurors may be excused from sitting in a trial for the reason that they are interested in the result of the action. Judges may be excused from a trial for like reasons. These matters are controlled by statute and by common law; but there is no statute nor principle of common law that excuses a commissioner from acting because his action will affect property owned by him. In a number of matters the statute requires that disinterested parties be selected for the performance of certain duties; but for the statute, any person, whether interested or not, might be selected for the performance of those duties.

Eslinger should have acted with the other two commissioners. He was not excused from so acting for the reason that has been advanced.

2. It is argued that the appeal failed when, at the hearing before the two commissioners, one voted to sustain it and the other against it. There were three commissioners; there could not be a tie vote when all were acting. When there was a tie vote, it became necessary for the other commissioner to act in order that a result might be reached. Those appealing had a right to have their appeal heard and disposed of, but no conclusion was reached by the tie vote. While some time has elapsed since the appeal was filed and attempted to be heard, and a number of meetings of the board of county commissioners have since been held, yet the appeal has not been

heard as required by law; it has not been disposed of, and the obligation remains on the commissioners to hear and dispose of that appeal. Jurisdiction by the board of county commissioners has not been lost. The acts of the county commissioners and of the county superintendent subsequent to the attempted hearing of the appeal have not defeated the rights of those who appealed to have that appeal heard and determined.

3. Defendant Mayhew contends that the board of county commissioners now have no power to hear and consider the appeal for the reason that it cannot be heard subsequent to the next regular meeting of the commissioners after the appeal was taken. (Gen. Stat. 1915, § 8906.) In support of his contention, Mahew cites *The State v. Secrest,* 60 Kan. 641, 57 Pac. 500, and *School District v. Wilson,* 104 Kan. 153, 177 Pac. 523. Neither of these cases supports the contention of the defendant. In the former the commissioners acted on an appeal, and at a subsequent meeting, without notice, they attempted to act further in the matter. It was held that the subsequent action was without jurisdiction. In the latter case the commissioners attempted to act at a special meeting called for that purpose before the time for the regular meeting. It was held that the matter could not be heard before the regular meeting. The county commissioners should hear the appeal after giving proper notice of the time for such hearing.

4. It is argued that the state is not a proper party plaintiff in this action. A person peculiarly interested in the performance of a public duty may prosecute an action to compel the performance of that duty; but the state is always interested in having its officers perform the duties required of them by law, and being so interested it can prosecute an action to compel the performance of those duties.

It follows that judgment should be rendered allowing a peremptory writ of mandamus.