No. 24,050.

THE STATE OF KANSAS, *ex rel.* D. E. McCRORY, as County Attorney of Pratt County, *Appellant,* v. PING WATERS et al., as the School Board of District No. 91, *Appellees.*

### SYLLABUS BY THE COURT.

1. SCHOOL DISTRICTS—*New School District Properly Organized.* Under section 8891 of the General Statutes of 1915, the county superintendent may organize a new school district and include therein territory embraced within a district composed of two districts that had been consolidated under sections 8938 and 8939 of the General Statutes of 1915.

2. SAME—*New School District Created by County Superintendent—Appeal Properly Taken.* An appeal·from an order of the county superintendent creating a new school district may be taken on the day that the order is made, and the fact that the notices of the formation of the new district were not then posted will not defeat the appeal.

3. SAME—*New School District—Created by County Commissioners After September First Legal.* The board of county commissioners, on an appeal from an order of the county superintendent, may create a new school district after September 1, notwithstanding the restrictions of section 8905 of the General Statutes of 1915 on the power of the county superintendent to create a new district after September 1 and before April 1.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed October 7, 1922. Affirmed.

*D. E. McCrory,* county attorney, for the appellant; *R. F. Crick, L. G. Turner,* both of Pratt, and *F. L. Martin,* of Hutchinson, of counsel.

*E. R. Barnes, William Barrett,* and *George Barrett,* all of Pratt, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment in an action in quo warranto prosecuted by the state on the relation of the county attorney of Pratt county to compel the defendants to show by what authority they exercised the powers of director, clerk and treasurer of school district No. 91, which the plaintiff contends was never organized. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The case was tried on an agreed statement of facts which showed that school district No. 8 of Pratt county was regularly organized and included the city of Preston, a city of the third class, and for a number of years maintained a graded school; that school district

No. 22 was regularly organized and had a boundary contiguous to that of school district No. 8 for three and one-half miles; that school districts No. 8 and No. 22 were consolidated in 1920 and were thereafter known as school district No. 8; that in June, 1920, a petition was presented to the county superintendent, signed by residents of the territory described in the petition, praying for the organization of a new school district to include a large portion of the territory of old district No. 22; that on August 21, 1920, the county superintendent refused to create a new school district as prayed for and made an order for the formation of another school district having boundaries different from those described in the petition, from which order an appeal was at once taken to the board of county commissioners; that on September 7, 1920, the appeal was sustained by the board of county commissioners, and an order was made creating a school district as prayed for in the petition; and that afterward the defendants were elected by the new school district, director, treasurer and clerk, respectively, and have acted as such continuously since their election.

1. The first contention of the plaintiff is that district No. 91 was not legally organized, for the reason that a new district could not be created out of the territory of school district No. 22 after it had been consolidated with district No. 8. To support this contention, plaintiff argues that sections 8938 and 8939 of the General Statutes of 1915, the law under which districts Nos. 8 and 22 were consolidated, repeal section 8891 so far as that section gives to the county superintendent authority to create a new district out of territory embraced in a consolidated district. Section 8891 was passed in 1881 and amended in 1907. Sections 8938 and 8939 were passed in 1911 and are the last expression of the legislature. It is argued by the plaintiff that sections 8938 and 8939 are inconsistent with section 8891, and that therefore the former repeals the latter so far as they are contradictory. This court fails to see wherein these statutes are necessarily contradictory so far as the creation of a new district out of territory embraced wholly or partly within a consolidated district is concerned. The authority of the county superintendent to create a new school district does not appear to be curtailed by sections 8938 and 8939 authorizing the consolidation of districts. After the consolidation, the authority of the county superintendent was the same as it would have been if no consolidation had taken

place.  Other consolidations may be made, or new districts may be created.

2.  Another contention of the plaintiff is that the appeal from the order made by the county superintendent did not comply with the law.  Section 8906 of the General Statutes of 1915 provides that a notice of appeal shall be served on the county superintendent within ten days of the time of posting notices of the formation or alteration of such district.  No notice was ever posted concerning the formation of the district as ordered by the superintendent.  The notice of appeal was served immediately after the county superintendent made the order creating the new district.  The fact that no notice of the formation of that district was posted cannot defeat the appeal.  Posting notices fixes the time within which an appeal must be taken, but it is not necessary to wait until notices are posted before taking an appeal.

3.  Another contention is that a new school district could not be formed on September 7, 1920.  The argument to support this contention is based on section 8905 of the General Statutes of 1915, which in part reads:

"When a new district is formed, in whole or in part, from one or more districts possessing a schoolhouse or entitled to other property, such new district shall be formed only between April 1 and September 1 of the same year."

The petition for the organization of the new district was presented to the county superintendent on June 25, 1920.  It was heard by her on August 21, 1920, and the appeal was taken on that day.  If this statute compels the county commissioners to make an order on an appeal between April 1 and September 1, the right to an appeal from the order of the county superintendent is practically denied, for the reason that there must be some delay between the order appealed from and the hearing before the commissioners.  The appeal must be heard by the commissioners at their next regular meeting.  (Gen. Stat. 1915, §8906.)  It will often happen that an appeal cannot be heard before September 1.  That was probably true in the present case.  Section 8905 must be construed as a restriction of the power of the county superintendent and not as a restriction on the authority of the county commissioners on an appeal from the order of the county superintendent.  Any other construction of this statute will render it ineffective.

No error is shown, and the judgment is affirmed.