## WEINERT INDEPENDENT SCHOOL DIST.
### v. ELLIS et al.
### No. 1051.

Court of Civil Appeals of Texas. Eastland.

July 1, 1932.

Smith & Smith, of Anson, for appellant.

Tom Davis, of Haskell, for appellees.

FUNDERBURK, J.

Weinert independent school district brought this suit against Miss Minnie Ellis, as county superintendent of schools for Haskell county, and Ed Fouts, as tax collector of Haskell county, to require the payment to it of all school funds apportioned to the children of scholastic age in a certain defined territory, and any other funds collected as school taxes upon the property in said territory claimed to be a part of said Weinert independent school district, and to enjoin said defendants from making other disposition of said school funds. Pleasant Valley common school district No. 11 of Haskell county, Tex., upon leave of the court, intervened and asserted claim to the funds in question. Upon a nonjury trial the court found that, on April 11, 1931, a petition was presented to the county board of education of Haskell county, praying that a portion of Pleasant Valley common school district No. 11 be detached from said district and attached to the Weinert independent school district, and that on said day said county board of education passed an order as prayed for. That thereafter said board rescinded the order theretofore entered, attaching said territory to Weinert independent school district; said order providing that the boundaries of both the independent and common school districts remain as they were prior to April 11, 1931. The court further recited in its findings "that no notice was given to the Board of Trustees of Pleasant Valley Common School District No. 11 when the order of April 11th, 1931, was entered," and further found that there was no evidence introduced showing that Pleasant Valley common school district No. 11 would contain as much as nine square miles after the territory was detached from said district and attached to the Weinert independent school district. Upon these findings the trial court concluded that the injunction prayed for should be denied upon two grounds: (1) Because the county board of education of Haskell county was wholly within its authority in rescinding the order of April 11th; and (2) because the Weinert independent school district has no authority to maintain this suit for the reason that it should be brought in the name of the state in quo warranto. The findings of fact did not show the date upon which the order rescinding the order of April 11, 1931, was made, but the undisputed evidence shows that it was on April 21st thereafter. From a judgment entered upon such findings in favor of the defendants and the intervener said Weinert independent school district has appealed.

Appellant first challenges the correctness of the court's finding, as follows: "I find that no notice was given to the Board of Trustees of Pleasant Valley Common School District No. 11, when the order of April 11th, 1931, was entered."

Appellant contends that the evidence showed that such notice was given and quotes from the statement of facts the testimony of C. A. Thomas, one of the trustees of said common school district at the time the petition to attach the territory was signed, and when the order of the board was passed, to the effect that said C. A. Thomas, E. Opitz, and J. T. Kirby constituted the board of trustees, and that said Thomas and Kirby circulated the petition, procured the signatures thereto, presented same to the county board, and were both present when the order was made, and that the trustee E. Opitz, who had signed the petition, was informed just beforehand of the purpose to present it to the board. This testimony was corroborated to some extent by the signatures upon the petition, and being wholly undisputed we think should be taken as true.

The law does not seem to prescribe the character of notice required to be given the trustees of a common school district when territory is detached from such district and attached to an independent school district, and it is our opinion that the evidence in question shows such notice as the law requires as a prerequisite to the making of such an order.

It is contended that the court erred in another finding, as follows: "I further find that there was no evidence introduced showing that Pleasant Valley Common School District No. 11 would contain as much as nine square miles after the territory was detached from said district and attached to the Weinert Independent School District."

It is contended that this finding was contradicted by the records showing that there remained in common school district No. 11 about 12⅛ square miles after the territory

in question was taken from it. The county board was required, after detaching the property, to redefine the common school districts and to show the surveys and parts of surveys with the acreage of the whole surveys and approximate acreage of the part surveys. This it did, and the total acreage shows to be a fraction above 12 square miles.

We are therefore of opinion that this assignment must be sustained. By so holding we do not wish to imply that it was necessary in this suit for the evidence to show that testimony was produced before the county board showing that more than 9 square miles remained in the common school district. We think, in the absence of any such evidence, it would be presumed that the county board ascertained that the area of the district was more than 9 square miles after the portion in question was detached.

Appellee has filed no brief in this case, and we are therefore not aided by any argument or citation of authorities in support of the judgment. There is set out in the statement of facts a colloquy between counsel and the court in which it seems to have been understood that the sole question involved in the suit was the authority of the county board at a subsequent meeting to pass a valid order rescinding its action in attaching the territory in question to the independent school district. We have concluded that the undisputed evidence shows that the order of April 11, 1931, by which the territory in question was detached from the Pleasant Valley common school district No. 11 and attached to the Weinert independent school district, was valid, at least as against any attack made upon same, as disclosed by this record. If so, then we think that the appellant was entitled to the relief sought, unless the subsequent order of April 21st did in fact accomplish a rescission of the former order.

R. S. 1925, art. 2687, provides for holding a meeting of county school trustees once each quarter, on the first Monday in August, February, May, and November, or as soon thereafter as practicable, and at other times when called by the president of the county school trustees, or at the instance of any two members of the county school trustees and the county superintendent. The law does not provide the time that the board shall remain in session. In the absence of such provision, we think the board itself determines the length of its sessions. It could, no doubt, recess from day to day, or from one day to some other day, and during all of the time it would have control over its own orders. We do not think, however, that after the county school trustees had met in a regular or called meeting and transacted its business and adjourned, it could, at a subsequent meeting, rescind all kinds of orders that it may have made at a previous session. When the order was made and entered detaching the territory in question from the common school district, and attaching it to the independent school district, the petitioners residing within the attached territory thereupon acquired rights and privileges not theretofore existing. One of such rights was to send their children to the independent school district as a free school. The attempted rescission of the order, if valid, affected such right.

We have reached the conclusion that the county school trustees had no authority to rescind their former action, and that to place the territory in question back into the common school district required exactly the same procedure as though it was at all times a part of the territory of the independent school district and was desired to attach it to the common school district.

We have been unable to find any direct authority on the question in the decisions in this state, but in Corpus Juris, vol. 56, p. 239, it is said: "After an order creating or altering a school district or other local school organization has become final and effective it cannot be rescinded, except by following the procedure prescribed by statute for dissolving or altering districts, and subject to any restrictions thereby imposed." Finney County School Dist. v. Wilson, 104 Kan. 153, 177 P. 523.

This we believe to be a correct statement of the law as applied to the instant case. The parties whose interests would be affected would be required to take notice of the law, giving a right of appeal, and hence if upon appeal a particular action of the county school trustees was set aside and modified there could be no just cause for complaint. Certainly no law charges parties at interest with knowledge that, after territory was taken from one district and placed into another, and such action was not revised by an appeal, that the county school trustees, at a subsequent meeting, and probably without notice, could set aside such action.

We are therefore of opinion that the trial court erred in failing to order the defendants to pay over the funds in question as prayed for, and to enjoin contrary action. It is therefore our opinion that the judgment of the trial court must be reversed and judgment rendered for the appellant, directing the county school superintendent and county tax collector to pay over the funds to the depository of the independent school district, and enjoining them from making other disposition of said funds, all of which is accordingly so ordered.