

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 14, 1963

Honorable Wayne Burns
County Attorney
Howard County
Big Spring, Texas

Dear Mr. Burns:

Opinion No. C-19

Re: Authority of the County School
Trustees of Howard County to
rescind annexation orders pre-
viously adopted.

You have requested our opinion on the following matter:

"Your opinion is respectfully requested as to
the following set of facts:

"Pursuant to Article 2922A of the Civil Stat-
utes, the County School Trustees of Howard County
annexed the Center Point Common School District and
the Gay Hill Common School District to the Big
Spring Independent School District. This action
occurred on May 4, 1960, and subsequent to this ac-
tion of the County School Trustees, each of the
common school districts perfected their appeal from
this action to the District Court of Howard County,
and litigation as to the validity of the annexation
has ensued thereafter up to the present time, where
the case is now being considered by the Appellate
Courts. Presently the County School Trustees are
considering rescinding their annexation order of
May 4, 1960.

"Specifically, your opinion is requested to state
whether or not the County School Trustees have the
authority and power to rescind the annexation orders
of May 4, 1960."

In Weinert Independent School District v. Ellis, 52
S.W.2d 370 (Tex.Civ.App. 1932), it was held that where the
county trustees had validly detached territory from a school
district, and attached it to another, mere attempted recission
of the order was void, the Court stating the rule as follows:

". . . When the order was made and entered
detaching the territory in question from the com-
mon school district, and attaching it to the in-
dependent school district, the petitioners residing
within the attached territory thereupon acquired
rights and privileges not theretofore existing.

-79-

One of such rights was to send their children
to the independent school district as a free
school.  The attempted rescission of the order,
if valid, affected such right.

"We have reached the conclusion that the
county school trustees had no authority to re-
scind their former action, and that to place
the territory in question back into the common
school district required exactly the same pro-
cedure as though it was at all times a part of
the territory of the independent school dis-
trict and was desired to attach it to the com-
mon school district.

"We have been unable to find any direct
authority on the question in the decisions in
this state, but in Corpus Juris, vol. 56, p.
239, it is said:  'After an order creating or
altering a school district or other local
school organization has become final and ef-
fective it cannot be rescinded, except by fol-
lowing the procedure prescribed by statute for
dissolving or altering districts, and subject
to any restrictions thereby imposed.'  Finney
County School Dist. v. Wilson, 104 Kan. 153,
177 P. 523."

In District Trustees of Campbellton Consolidated Com-
mon School District No. 16 v. Pleasanton Independent School Dis-
trict, 362 S.W.2d 122 (Tex.Civ.App. 1962, presently pending on
application for writ of error), the Court held that an annexa-
tion order adopted pursuant to the provisions of Article 2922a,
Vernon's Civil Statutes, could not be rescinded at a subsequent
meeting, stating:

"After the Board voted for annexation on
February 27 and adjourned, the action became
final and could not be rescinded at a subsequent
meeting. . . ."

In Attorney General's Opinion V-1280 (1951), it was
held:

"Accordingly, we are of the opinion that
the county school board of Shelby County did not
have authority to rescind its order of annexa-
tion of April 25, 1951, by its subsequent order

dated July 9, 1951.  The rescinding order of July 9, 1951, is invalid in that it in no way complies with the school laws relative to changing the boundaries or composition of school districts."

In view of the **foregoing**, you are advised that if the annexation order of the County School Trustees of Howard County, dated May 4, 1960, is a valid order, the County School Trustees do not have the authority to rescind such annexation order.  In this connection, this opinion is not to be construed as passing on the validity of such order, since that question, according to your request, is currently involved in litigation pending in the appellate courts of this State.

## SUMMARY

If a valid annexation order is adopted pursuant to the provisions of Article 2922a, Vernon's Civil Statutes, such annexation order cannot be rescinded at a subsequent meeting of the county school trustees.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Murray Jordan
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone