**BOARD OF DIST. TRUSTEES OF LANIER COMMON SCHOOL DIST. NO. 49, CASS COUNTY, et al. v. BOARD OF COUNTY SCHOOL TRUSTEES OF CASS COUNTY et al.**

No. 6515.

Court of Civil Appeals of Texas. Texarkana.

June 29, 1950.

Rehearing Denied July 20, 1950.

S. I. Cornett, Linden, Atchley & Vance, Texarkana, for appellants.

Vincent Ferrell, Joe W. Lovelace, Linden, for appellees.

PER CURIAM.

Appellants as plaintiffs, being Trustees of Lanier Common School District No. 49, together with patrons and taxpayers of said district, brought this suit for injunction against the County Board of School Trustees of Cass County, the County Superintendent of Schools, and the Board of Trustees of the Linden Independent School District. From an order denying the injunction the plaintiffs have appealed. July 5, 1949, the County Board of School Trustees in regular meeting made and entered an order annexing Lanier Common School District No. 49 to the Linden Independent School District under authority of the provisions of Art. 2922a, Vernon's Civ.St. of Tex., as amended by Acts of the Regular Session of the 50th Leg., 1947, p. 798. The minutes of the Cass County School Board disclose that at the time the order of annexation was entered the Board determined that such school districts were contiguous to one another and may be included in a common boundary line; that the proposed school district will contain neither an area in excess of 100 square

miles nor more than 10 elementary school districts; that Linden Independent School District has a scholastic population of 250 or more; that such annexation would best serve the interest of the scholastics of such school districts and the County as a whole.

The Lanier Common School District had a scholastic population of 164. The Board of Trustees of the Linden Independent District consented to the annexation but the Board of the Lanier District did not. No election was held in either district to determine the annexation. The Fairview Colored School, the only school in the Lanier District, was fully accredited and taught subjects through the twelfth grade. The Fairview School was conducted by the principal and eight or nine other teachers, and during the preceding school year had an average daily attendance of 201 students. The few white children in the Lanier District were transferred to other districts.

■ By points of error, Nos. 1, 2, 5, 6, 9, and 10, the appellants assert that the order of the County Board annexing the common school district to the independent district was void, and should be vacated, and the appellees enjoined from carrying the annexation into effect because the action of the board was not authorized by Art. 2922a, Vernon's Civ.St. of Tex., as amended; that said Art. 2922a is limited and controlled by Article 2922f as amended by Acts of the 51st Leg., 1949, p. 86, and by Art. 2806, R.S. of Tex., Vernon's Ann. Civ.St. art. 2806. We must overrule those contentions. Article 2922a as amended in 1947 contains the following provision: " * * * the county school trustees may annex one or more common school districts * * * having less than two hundred fifty (250) scholastic population * * * to an independent district having two hundred fifty (250) or more scholastic population."

Although Art. 2922a and Chap. 19A of Title 49 of which it is a part, deal principally with rural high schools, as shown, yet, this specific article also provides for annexing a common school district to an independent school district, and the action of the County Board in making such annexation without an election has been approved by numerous decisions. County Board of School Trustees v. Gray, Tex. Civ.App., 142 S.W.2d 697 (writ refused); County School Trustees of Callahan County v. District Trustees of Dist. No. 15 of Callahan County, Tex.Civ.App., 192 S.W.2d 891 (N.R.E.); Terrell v. Clifton Independent School District, Tex.Civ.App., 5 S.W.2d 808 (writ refused). In each of the foregoing cases the validity of the actions of the County Board were under consideration and were challenged on substantially the same grounds as in the present case. Under the amendment of Art. 2922a by 40th Leg., 1st C.S., 1927, p. 206, it was necessary that the annexation of a common school district with an independent district be done "upon the approval of the board of trustees of each school district affected." That provision was omitted by the amendment of 1947. In the case of County Board of School Trustees of Hale County v. Mayfield Common School District No. 22, Tex.Civ.App., 140 S.W. 2d 956, 960, Justice Folley said that: "The constitutional authority of the Legislature to grant such powers to the county school boards is no longer an open question." The opinion cites numerous cases in support. This holding of the Amarillo Court was specifically approved and followed in the decision of the Eastland Court of Civil Appeals in the Callahan County Case, supra.

Appellants urge in connection with these points of error that the action of the County Board amounted in effect to a consolidation of the two districts, and that this could be done only by an election as provided in Art. 2806, R.S., Vernon's Ann. Civ.St. art. 2806. The order is very clear that it was not the intention of the county board to consolidate the two districts, but only to annex the common school district to the independent school district. The distinction between a consolidation and an annexation is pointed out in Blanco County Board of School Trustees v. Mt. View Common School District No. 18, Tex.Civ. App., 141 S.W.2d 751 and in Hankins v. Connally, Tex.Civ.App., 206 S.W.2d 89

(writ refused N.R.E.). This matter is further elucidated by Chief Justice Gallagher of the Waco Court of Civil Appeals in the cases of the County Board of School Trustees of Limestone County v. Wilson, 5 S.W.2d 805, and Terrell v. Clifton Independent School District, supra. The two opinions were handed down the same day. In the Limestone County Case the judgment in behalf of plaintiffs for an injunction was affirmed for the reason that the action of the County Board in that case was an action to consolidate the districts, without an election as required by Art. 2806, whereas in the Terrell v. Clifton Case the County Board of Bosque County effected an annexation without an election, under Art. 2922a, and that action was held valid.

Appellants assert in Point No. 7 that the Lanier District was an "elementary district" and therefore the action of the County Board should have been governed by Article 2922f. Said Article 2922f, as amended by Acts of 51st Leg., 1949, and which was in effect on July 5, 1949, provides that: "The county board of school trustees shall not have the authority to abolish or consolidate any elementary school district already established except upon the vote of a majority of the qualified electors residing in such elementary district," unless the average daily attendance in the elementary district is at least twenty pupils during the preceding scholastic year, in which case the county board has the authority to abolish the elementary school and consolidate with another contiguous elementary district. The trial court found that the Lanier School District was a common school district. An elementary district is one which does not arise or come into existence as such until after there is a grouping for rural high school purposes or after an annexation of one or more districts with another district. Art. 2922b. In the case of a consolidation there are no elementary districts, and all of the districts so consolidated become one district and lose their original identity as school districts. See cases last cited, supra. The schools in such consolidated district may or may not be maintained. But in the rural high school district, or in a district created by grouping through the process of annexation the elementary districts as component parts of the new district do not lose their identity and the elementary schools must be maintained therein as before the grouping. In such case, the elementary district constituting a component part of the new grouping, whether for a rural high school or by annexation, cannot be annexed or grouped with another district, nor its school be discontinued by action of the Board of Trustees of the District nor by the County Board until after approval of the proposed action by a majority vote of the qualified electors residing in the elementary district, unless the average daily attendance during the preceding scholastic year is at least twenty. We overrule appellants' point of error which raises this question.

Appellants offered evidence intending to show to the trial court that the interest of the patrons and the scholastics of the Lanier Common School District and the education of the youth in the areas affected would be best served by nullifying the order of annexation. The court declined to admit or to consider such evidence, and this was made the basis of appellants' third point of error. The trial court concluded as a matter of law that the appellants had not shown sufficient grounds to justify vacating the order of annexation and the issuance of an injunction restraining the appellees from carrying the annexation order into effect, and this was made the basis of point of error No. 8. We must overrule both points. The district court is given supervisory powers over the actions of the County Board of School Trustees. Art. 2686, R.S. of Texas, Vernon's Ann.Civ.St. art. 2686; Schulz v. Davis, Tex.Civ.App., 207 S.W. 634, 635 (writ refused). In the cited case it was held that: "This supervisory control will be exercised by the courts to prevent or correct the action of the county school trustees only when the county school trustees have exercised their power of districting in a harsh and arbitrary manner that amounts to an abuse of discretion."

In County School Trustees of Callahan County v. District Trustees of District No. 15, supra, the jury found that the action of the County Board in grouping for rural high school purposes was arbitrary and an abuse of discretion, was fraudulent, and was done primarily for the benefit of the Putnam Independent District without regard for the best interests of the children of the common school districts affected. The trial court entered judgment upon the verdict of the jury and held that the action of the county board in that case was void. The Eastland Court of Civil Appeals held that the evidence was insufficient to support the verdict and judgment, and set out fully what is necessary to constitute an abuse of discretion. An error of judgment in such matter is not sufficient. In that case it was held that "the board had the authority to pass such order even though it was contrary to the will of the majority of the patrons of the common school districts involved." [192 S,W.2d 896.]

 Appellants argue with much logic and zeal that it is unreasonable to place such power in the hands of a County Board of School Trustees. Nevertheless, that is exactly what the Legislature has done. As pointed out by Justice Folley in the case of County Board of School Trustees of Hale County v. Mayfield School District, supra, the rule may seem to be unfair to the smaller common school districts which are adjacent to an independent district, the vast majority of the citizens of the district may be violently opposed to the action, and the children may be required to go greater distances to school. There is no doubt but that it is a very great power that is lodged in the hands of the County Board, and it ought to be exercised with great care and discretion. But the Legislature has put the power in the hands of the Board, and the presumption is that it has acted fairly and honestly for the best interest of the children and the citizens. The burden is upon the appellants to show an abuse of discretion. District Trustees of Midway Common School District No. 7 and of Leon County, v. County Board of Leon County, Tex.Civ App., 203 S.W.2d

860. The evidence offered was insufficient for that purpose. It was far weaker than the evidence offered in the Callahan County Case, supra, in which it was held insufficient.

The evidence offered by the appellees and admitted by the court, made the basis of assignment under Point No. 4 was immaterial and irrelevant to the issues involved for the reason that the presumption is that the County Board did not abuse its discretion, since all jurisdictional facts appeared to authorize the order. We therefore overrule this point.

Appellants have presented an excellent brief to which we have given extended consideration. But we have been unable to find any error in the judgment of the trial court, and under the Legislative Acts discussed and the decisions of the courts of this state, we must affirm the judgment, and it is so ordered.