## LA PARITA INDEPENDENT SCHOOL DISTRICT et al., Appellants,

### v.

## SCHOOL TRUSTEES OF ATASCOSA COUNTY et al., Appellees.

### No. 12875.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1955.

Rehearing Denied July 13, 1955.

L. M. Bickett, Matocha & Walker, San Antonio, Ernest Morgan, San Marcos, for appellants.

J. C. Hinsley, Austin, Frank W. Steinle, Arnold W. Franklin, Jourdanton, for appellees.

NORVELL, Justice.

This is an appeal from a judgment rendered in a consolidated cause involving the validity of five school district annexation orders entered by the School Trustees of Atascosa County on May 19, 1954, annex-

ing one small independent school district and four common school districts to larger independent school districts. The nuclear districts and the smaller districts annexed to them, with their respective scholastic populations were as follows:

| Nuclear District | Scholastic Population | Annexed District | Scholastic Population |
| --- | --- | --- | --- |
| Jourdanton Ind. Dist. | 629 | Parita Ind. Dist. | 60 |
|  |  | Christine Common | 122 |
| Charlotte Ind. Dist. | 743 | Hindes Common | 25 |
| Pleasanton Ind. Dist. | 1283 | Leal Common | 61 |
| Poteet Ind. Dist. | 1173 | Rossville Common | 115 |

All of the orders provide that the annexation proceedings were had and carried out under and by virtue of the provisions of Article 2922a, Revised Civil Statutes, and that the name of the newly formed district should be the same as the large nuclear districts to which the respective smaller districts were annexed. The order made no provision for the appointment or selection of school trustees for the enlarged independent school districts.

It is appellants' first contention that all of the annexations involved must fail because the act of the Legislature, Article 2922a, Vernon's Ann.Tex.Stats., is defective in that it fails to provide for the appointment or selection of trustees to operate a district enlarged by annexation. Article 2922a reads in part as follows:

"Art. 2922a. Authority to establish

"In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) school population, for the purpose of establishing and operating rural high schools; *provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic popula-*

*tion, or to an independent district having two hundred fifty (250) or more scholastic population."*

In State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777, the Supreme Court held that that portion of Article 2922a, above set forth in italics, did not provide for a second method of forming a rural high school district, but simply authorizes the enlargement of nuclear districts by the annexation thereto of other districts. The control of the schools of the enlarged district would necessarily rest with the board of trustees serving the nuclear district at the time of the annexation. This control would continue until such time as elections were held for trustees in the enlarged district in accordance with the statutes relating to independent school districts. This seems a logical consequence of the provisions of the latter part of the Article and it is not to be supposed that the Legislature intended that an independent school district enlarged under Article 2922a should be without governing officials when the Article is reasonably susceptible of a contrary construction.

█ It is not necessary to revert to Article 2922b to reach this conclusion, although, upon the particular point involved, the article does emphasize the legislative intent by providing that "all independent school districts enlarged by the annexation thereto of one or more common school districts, as provided for in Article 2922a shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing

laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein." As indicated above, the La Parita Independent District, together with the Christine Common District, was annexed to the Jourdanton Independent District. These annexations come within the provisions of Article 2922a, but Article 2922b does not refer to independent school districts enlarged by annexation thereto of one or more independent school districts. It appears that originally Article 2922a made no provision for the annexation of an independent school district. Such authority was added by an amendment in 1927. However, Article 2922b was not amended so as to include the language added to Article 2922a. This omission, if such it can be called, is not deemed material, for the reasons stated. From the provisions of Article 2922a, it may be inferred that the board of trustees of the nuclear district possesses governmental control over the annexed territory. We are further of the opinion that Article 2922b does not operate to preserve the "status and name" of the Parita Independent School District. The nuclear independent district is the one referred to by the article, the exact wording being, "all independent school districts enlarged by the annexation thereto of one or more common school districts * * *." The Parita district was not enlarged but, on the contrary, was annexed to the Jourdanton District.

■ We overrule appellants' contention that Article 2922a is in part unconstitutional because of a noncompliance with the provisions of Article 3, § 35, of the Constitution of Texas. Vernon's Ann.St. Henderson v. Miller, Tex.Civ.App., 286 S.W. 501.

On authority of Board of District Trustees of Lanier Common School Dist. No. 49, Cass County v. Board of School Trustees of Cass County, Tex.Civ.App., 232 S.W.2d 100, we likewise overrule appellants' point asserting the invalidity of the annexation of the Hindes Common School District to the Charlotte Independent School District.

■ It is also asserted by appellants that "the County School Board abused its discretion in ordering the annexation of the various school districts." Acting upon appellants' request, the trial judge filed full and complete findings of fact and conclusions of law. None of the findings are specifically complained of in the brief except the 27th finding, which is in the nature of a conclusion based upon the factual determinations which preceded it. This finding was that, "The County Board of School Trustees acted in its sound discretion for the best interest of the children involved in ordering the annexations, and there was no abuse of discretion." Upon examination of the statement of facts, we find that the evidence amply supports the findings of the trial judge and that such findings in turn support the conclusions of law stated and the judgment rendered. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Erath County School Trustees v. Hico County Line Independent School Dist., Tex.Civ.App., 247 S.W.2d 564, writ refused. Accordingly, such findings and conclusions are adopted as the findings and conclusions of this court. The judgment is affirmed.