**J. G. ADKINS et al., Appellants,**

v.

**J. Paul ROGERS et al., Appellees.**

No. 6965.

Court of Civil Appeals of Texas.

Texarkana.

May 23, 1957.

Rehearing Denied June 20, 1957.

Vinson, Elkins, Weems & Searls, Houston, W. D. Evans, Angleton, Jack Harrison, Alvin, V. S. Donoghue, Houston, for appellants.

J. C. Hinsley, Austin, John C. Henderson, Cleveland Davis, Angleton, for appellees.

FANNING, Justice.

Appellants have appealed from a judgment of the District Court of Brazoria County, Texas, decreeing that orders of the County Board of School Trustees of Brazoria County, Texas, annexing Liverpool Common School District No. 10 and Chocolate Bayou Common School District No. 34, to Angleton Independent School District, were valid, and which judgment permanently enjoins appellants from interfering with the trustees of the Angleton Independent School District in the management of the area annexed.

On November 3 and 5, 1954, the said County Board met and by proper order detached a portion of Brazosport Independent School District which was contiguous to the Angleton Independent School District, and same was annexed to the said Angleton District. Next, the County Board annexed said Liverpool Common School District (which was contiguous to the territory recently annexed from the Brazosport District) to the said Angleton School District;

following this order the County Board annexed said Chocolate Bayou Common School District (which was contiguous to the recently annexed Liverpool District) to the said Angleton Independent School District. Notice of such action was communicated to the Liverpool and Chocolate Bayou Districts on November 6, 1954. On November 9, 1954, appellants, as plaintiffs, filed suit in the District Court of Brazoria County, Texas, in Cause No. 35,808, naming appellees as defendants, and alleging that the action of the County Board in making such orders and annexations was unwise, improper, illegal, arbitrary, capricious and constituted a gross abuse of discretion, and sought a temporary restraining order and "such other and further relief, general and special, legal and equitable, to which they may be justly entitled." The temporary restraining order was granted without notice, but upon hearing such temporary restraining order was dissolved and appellees as cross-plaintiffs secured in their cross-action filed in the case a temporary injunction against appellants who were temporarily enjoined from interfering with the Angleton trustees in governing, operating, and controlling the said Liverpool and Chocolate Bayou school districts. Plaintiffs-appellants on November 9, 1954, also filed a written request with the said County Board requesting that the common school districts in question be granted a hearing to review said annexation orders—the County Board took no action on this request. Appellants after filing their original suit, seven days later, to-wit, on November 16, 1954, filed an alleged administrative appeal to the State Commissioner of Education. Appellees contested the jurisdiction of the State Commissioner of Education to hear the administrative appeal. The said State Commissioner held that he had jurisdiction of the appeal but on the merits of the case sustained the action of the County Board in making the annexation orders in question. Appellants then appealed to the State Board of Education, with appellees still contesting the jurisdiction of the State Board to hear such

appeal, and on March 5, 1956, said State Board entered an order which we quote from as follows:

"(1) The decision of the Commissioner insofar as it held that he had jurisdiction of this case is affirmed.

"(2) The decision of the Commissioner affirming the action of the County Board of Trustees of Brazoria County annexing Liverpool Common School District No. 10 to Angleton Independent School District and annexing Chocolate Bayou Common School District No. 34 to Angleton Independent School District is reversed for the reason that the annexation orders did not become a finality for the reason that the County Board of Trustees of Brazoria County did not grant a hearing to the Boards of Trustees of Liverpool and Chocolate Bayou Common School Districts; and unless the County Board of Trustees of Brazoria County conducts such a hearing within 60 days from this date, the annexation orders shall be void and of no force and effect.

"(3) That this action shall not be construed as prohibiting the County Board of Trustees of Brazoria County from taking any lawful action which it may deem proper."

On March 21, 1956, said County Board and said Angleton School District filed suit in the District Court of Travis County, Texas, as a statutory appeal from the order of the State Board, to enjoin the Board's order, and seeking a declaratory judgment that the order of the State Board was void and that neither the State Board nor the Commissioner had any jurisdiction over the alleged administrative appeal—this suit is still pending. However, pursuant to the order of the State Board, the said County Board, after due notice to all parties, met on the 30th day of April, 1956, and, after giving all parties full opportunity to be heard, passed an order ratifying its action of November 3rd and 5th, annexing first the Liverpool District and then the Chocolate Bayou District to the Angleton District. *No appeal* (either administratively or by court action) *was made by anyone from this order of the County Board.* On October 26, 1956, the District Court of Brazoria County upon motion of plaintiffs-appellants dismissed their cause of action filed in Cause No. 35,808 (the original suit) and proceeded to hear the cross-action of defendants-appellees, which hearing resulted in a final judgment decreeing that the annexation orders were valid and enjoined appellants from interfering with the trustees of the Angleton District in operating such schools. Trial was to the court without a jury. No findings of fact or conclusions of law were requested or made. From this final judgment the cross-defendants (appellants herein) have appealed.

Appellants contend, among other things, that the trial court erred in decreeing the annexation orders to be valid and enjoining the appellants because the effect of such judgment was to void the administrative appeal taken by appellants and had the effect of setting aside the order of the State Board. Appellants also contend that the annexation orders were void because they were arbitrary, capricious and an abuse of discretion, because the territory annexed (allegedly) was non-contiguous, and because the annexation orders were made without notice to appellants and without giving appellants a hearing prior to annexation. Appellants also contend that the trial court erred in refusing to admit in evidence a portion of a letter from the State Commissioner of Education.

Article 2682, Vernon's Ann.Civ.St., provides:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

■ The District Court of Brazoria County, Texas, clearly had jurisdiction to

hear Cause No. 35,808 (including the original action and the cross-action), involving the validity of the action of the County Board in annexing the school districts in question under the provisions of Article 2922a, V.A.C.S., without any party having first made an administrative appeal to any school official or any school board. See the following authorities: Article 2682, V.A.C.S., Article 2686, V.A.C.S.; Hale v. Mc-Murrey, Tex.Civ.App., 22 S.W.2d 499, wr. ref.; County School Trustees of Callahan County v. District Trustees, etc., Tex.Civ. App., 192 S.W.2d 891, wr. ref., n. r. e.; County Board of School Trustees of Limestone County v. Wilson, Tex.Civ.App., 15 S.W.2d 144, wr. dis.; Clark v. Hallam, Tex.Civ.App., 187 S.W. 964; Collin County School Trustees v. Stiff, Tex.Civ.App., 190 S.W. 216; Price v. County School Trustees of Navarro County, Tex.Civ.App., 192 S.W. 1140; Wilkinson v. Lyon, Tex.Civ.App., 207 S.W. 638.

It is our further view that under this record where plaintiffs-appellants filed suit No. 35,808, above described, in the District Court of Brazoria County, Texas, seven days before they filed an alleged administrative appeal with the State Commissioner of Education, that jurisdiction was conferred on the District Court of Brazoria County, Texas, to determine the validity of the annexation orders and matters there in controversy to the exclusion of the State Commissioner of Education and the State Board of Education. See the following authorities: Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; State v. Epperson, 121 Tex. 80, 42 S.W.2d 228; Allee v. Van Cleave, Tex.Civ.App., 263 S.W.2d 276; Cavers v. Sioux Oil & Refining Co., Tex.Com.App., 39 S.W.2d 862, .866; Henderson v. Miller, Tex.Civ.App., .286 S.W. 501, wr. ref.

Another reason why the State Commissioner of Education did not have jurisdiction of the alleged administrative appeal is found in Article 2686, V.A.C.S., which reads as follows:

"All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, *provided the election of which course of appeal the party or parties desire to pursue, shall be given within five days from the final decision of said County Board of School Trustees,* provided this act shall not apply to any controversy now pending or to any orders of school authorities made more than five days before this act becomes effective. Acts 1915, p. 71; Acts 1927, 40th Leg., p. 128, ch. 83, § 1." (Italics ours.)

The record in this case shows that the annexation orders were made on November 3 and 5, 1954, that appellants learned of this action on November 6, 1954, filed their suit No. 35,808 in the District Court of Brazoria County, Texas, on November 9, 1954, also filing on November 9, 1954, a request for a hearing (or rehearing) with the County Board which was not acted upon, and on November 16, 1954, filed their alleged administrative appeal with the State Commissioner. This alleged administrative appeal was filed *more than five days after the annexation orders were made,* to-wit, 11 days thereafter, and was filed seven days after plaintiffs-appellants had already elected to file their suit No. 35,808 in the District Court of Brazoria County, Texas. The written notices of appeal clearly show that they appeal from the annexation orders of November 3rd and 5th, 1954,—they do not purport to or attempt to appeal from the non-action of the County Board on appellants' request for a hearing or rehearing.

The annexation orders of November 3 and 5, 1954, were clearly *final decisions* of the County Board. Weinert In-

dependent School District v. Ellis, Tex.Civ. App., 52 S.W.2d 370, 372. Appellants' requests for a hearing or rehearing conferred no jurisdiction on the County Board, as the County Board had already entered its annexation orders and adjourned, and such action was final and the County Board could have taken no action to rescind their orders of annexation. See Weinert Independent School District v. Ellis, supra, wherein it is stated:

"* * * We do not think, however, that after the county school trustees had met in a regular or called meeting and transacted its business and adjourned, it could, at a subsequent meeting, rescind all kinds of orders that it may have made at a previous session. When the order was made and entered detaching the territory in question from the common school district, and attaching it to the independent school district, the petitioners residing within the attached territory thereupon acquired rights and privileges not theretofore existing. One of such rights was to send their children to the independent school district as a free school. The attempted rescission of the order, if valid, affected such right.

"We have reached the conclusion that the county school trustees had no authority to rescind their former action, and that to place the territory in question back into the common school district required exactly the same procedure as though it was at all times a part of the territory of the independent school district and was desired to attach it to the common school district."

█ Appellants in their brief cite various provisions of the Rule for Procedure for Hearings and Appeals established by the State Board of Education. Unquestionably the State Board has authority to make reasonable rules and regulations with reference to this matter as long as such rules do not contravene any of the applicable laws of this State, and in the event of conflict the State laws would clearly prevail. Section 102 of Article 1 of such Rules and Procedures of the State Board of Education, we think, applies primarily to administrative problems and administrative matters before the County School Board; however, if such rule (or any other Rule of the State Board) can be construed as compelling a County Board of Trustees to grant a hearing or a rehearing on an annexation order made under the provisions of Article 2922a, V.A.C.S., as amended in 1947, such a construction would be in conflict with such Article and the case law of this State construing said statute, hereinafter referred to in this opinion. Also Article 2686, V.A.C.S., supra, would prevail over any rules of the State Board which might be construed as conflicting with said statute. It is our view, however, that Section 201, 3-b, of Article 1, of said Rules of the State Board, providing for the filing of notice of appeal within five days from the *final decision* of the County School Trustees, is in harmony with Article 2686, V.A.C.S.

Article 2922a, V.A.C.S., as last amended in 1947, provides in part as follows:

"* * * provided, also, that the county school trustees may annex one or more common school districts * * * to an independent district having two hundred fifty (250) or more scholastic population."

Prior to its amendment in 1947, Article 2922a, contained the identical proviso above quoted, but in addition thereto this conditional clause:

"* * * upon the approval of the board of trustees of each school district affected; * * *".

█ It is clear that under the provisions of Article 2922a, V.A.C.S., supra, full discretionary authority has been reposed in the County School Board to annex common school districts to independent school districts within the statutory population brackets, acting on their own motion with-

out benefit of petition from or notice to school districts affected, and since 1947, without approval or consent of the Board of Trustees of the districts affected. County Board of Sch. Trustees of Hale County v. Mayfield Common School Dist. No. 22, Tex.Civ.App., 140 S.W.2d 956, er. dis. Also since the power of the County School Board under Article 2922a, supra, does not depend upon the consent or wishes of the school trustees or patrons of the school districts involved, an abuse of its discretionary authority is, therefore, not shown by showing the lack of notice or of consent or even actual opposition on the part of the trustees and patrons of the district. Erath County School Trustees v. Hico County Line I.S.D., Tex.Civ.App., 247 S.W.2d 564, er. ref.

While we think the State Commissioner of Education did not acquire jurisdiction of the alleged administrative appeal, yet nevertheless we think he rendered a correct decision upon the merits of the controversy. We quote with approval from the Commissioner's decision, in part, as follows:

"The facts and evidence submitted and developed at the hearing before me will not support, in my opinion, a finding that the Brazoria County Board's annexation orders and actions of November 3 and 5, 1954, were capricious, arbitrary or constituted an abuse of its discretion. The facts of this case are such that reasonable men might well reach the conclusion that it was advisable and proper and to the best interests of the educational system of the county, financially and otherwise, and to the best interests of the patrons and school children residing in the entire territory, that the school districts involved, Liverpool, Chocolate Bayou and Angleton, should be annexed as provided by statute to form an enlarged Angleton Independent School District, a single accredited twelve-grade school system. The record does not show or intimate that the annexation of districts involved was actuated by motives other than a desire to improve a county school district's problem in a manner as could be to the best interests of the entire scholastics and school districts involved. The possibilities expressed in the hearing that existing elementary schools may be continued in operation where needed and advisable, and that discretionary authority still lies in the County Board to make boundary changes where deemed advisable to promote further educational interests and conveniences would indicate a lack of intended harshness or arbitrariness in the County Board's action.

"Accordingly, it is my decision that any and all relief requested by the appellant herein should be and hereby is denied, and that the annexation orders of the Brazoria County Board of School Trustees affecting the Liverpool Common School District No. 10, the Chocolate Bayou Common School District No. 34, and the Angleton Independent School District, each located within Brazoria County, dated November 3, 1954, affirmed on November 5, 1954, be sustained."

We think the conditional order of the State Board of Education was void by reason of lack of jurisdiction for the reasons heretofore outlined. However, if the State Board had jurisdiction such conditional order was clearly erroneous because the annexation orders in question were clearly valid when they were made and their validity did not depend upon notice or a hearing, as the Legislature when it enacted Article 2922a, V.A.C.S., as amended in 1947, did not provide any requirements as to notice or a hearing.

However, even assuming that the conditional order of the State Board of Education was valid (which we think it was not), then such conditional order was fully complied with by the action of the County Board of Trustees of Brazoria County,

Texas, on April 30, 1956, when said County Board, after giving all parties full opportunity to be heard, passed an order ratifying its action of November 3 and 5, 1954, annexing the school districts in question to the Angleton district, which said order of April 30, 1956, was not appealed from by anyone. Irrespective of the validity of the conditional order of the State Board of Education there can now be no question but that the annexation orders of November 3 and 5, 1954, as ratified by the April 30, 1956 (unappealed from) order are now unquestionably valid.

Appellants' contentions that the school districts in question here were not contiguous are without merit under the facts in this case. Beard v. Marshall, Tex.Civ. App., 32 S.W.2d 496; Miller v. School Trustees of Milam County, Tex.Civ.App., 52 S.W.2d 806, wr. ref.

▋ Appellants' attack upon the constitutionality of Article 2922a, V.A.C.S. (as amended in 1947), by reason of an alleged deficient or insufficient caption to the amended Act of 1947, are deemed to be without merit. State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777; La Parita Independent School District v. School Trustees of Atascosa County, Tex.Civ.App., 281 S.W.2d 123, wr. ref., n. r. e.

In Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114, it is stated:

"No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'"

We have carefully reviewed the record in this case and it is our opinion that the evidence in this case is amply sufficient to sustain the implied findings of the trial court that the annexation orders in question were neither arbitrary, capricious nor an abuse of discretion on the part of the County Board. Board of Dist. Trustees of Lanier Common School Dist. No. 49, Cass County v. Board of County School Trustees of Cass County, Tex.Civ.App., 232 S.W.2d 100, wr. ref., n. r. e.

We think the annexation orders in question were clearly valid and should be upheld under this record.

Each and all of appellants' points have been carefully considered and are respectfully overruled.

The judgment of the trial court is affirmed.