**DISTRICT TRUSTEES OF CAMPBELLTON CONSOLIDATED COMMON SCHOOL DISTRICT NO. 16 et al., Appellants,**

v.

**PLEASANTON INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 13985.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 3, 1962.

Rehearing Denied Oct. 31, 1962.

Aycock & Steinle, Jourdanton, Carl Wright Johnson, Wm. R. Simcock, Nat L. Hardy, San Antonio, for appellants.

J. C. Hinsley, Austin, George I. Middaugh, Jourdanton, for appellees.

PER CURIAM.

The question presented by this appeal is whether the Atascosa County School Trustees validly annexed Campbellton Consolidated Common School District No. 16, and Leming Consolidated Common School District No. 7, to Pleasanton Independent School District, at a meeting held on February 27, 1961. Pleasanton District filed suit against Campbellton District and Leming District, and obtained a judgment upon jury findings which upheld the annexation. Jourdanton Independent School District was also named as a party, because the Campbellton District, before the validity of the Pleasanton annexation was determined, voted to consolidate with the Jourdanton District. The trial court held that the Pleasanton District had previously annexed the Campbellton and Leming Districts and enjoined those districts and the Jourdanton District from interfering with Pleasanton's enlarged district. The trustees of the three defendant districts, the County School Trustees of Atascosa County, and the County School Superintendent were named as defendants. The County School Trustees and the Superintendent filed no answer and have perfected no appeal.

The events which led up to this action commenced at a meeting of the County School Board on February 27, 1961, when the Board, acting under Article 2922a, Vernon's Tex.Civ.Stats., voted that the Campbellton and Leming Districts should be annexed to the Pleasanton District. The Campbellton and Leming Districts did not appeal from that action. At a subsequent meeting, on March 1, 1961, the County School Board entered orders which purported to nullify the effect of the orders of the earlier meeting. Upon the basis of the jury findings, the trial court restored the annexation orders of February 27, 1961. To set that judgment aside, the appellants Campbellton and Leming Districts insist that Article 2922a did not empower the School District to order the annexation, the February meeting was improperly called, no valid resolution for annexation was passed at the meeting, since it was oral instead of written and was not reduced to minutes, the School Board President was prevented from voting because of bad advice given him, and the meeting was never adjourned but merely recessed for a later meeting at which time the annexation was disapproved. They also complain about the form of two special issues.

■■■ Article 2922a grants powers to the School Board to order the annexation. It is undisputed that both the Campbellton and Leming Districts were eligible for annexation to Pleasanton District under this statute. Article 2922a grants discretionary authority to county school trustees to annex common school districts to independent school districts, and the county trustees may act on their own motion without a petition from or notice to the school districts affected. Since the 1947 amendment to the statute, they may do this without the approval or consent of the districts affected. Adkins v. Rogers, Tex.Civ.App., 303 S.W. 2d 820; Erath County School Trustees v. Hico County Line Ind. School Dist., Tex. Civ.App., 247 S.W.2d 564. Article 2922a applies to consolidated common school districts. District Trustees of Midway Common School Dist. No. 7 and of Leon County v. Leon County School Trustees, Tex.Civ. App., 203 S.W.2d 860; Trinity Ind. School Dist. v. Dist. Trustees, Dist. 24, Trinity County, Tex.Civ.App., 135 S.W.2d 1021. The constitutional authority of the Legislature to grant such powers is no longer an open question. La Parita Ind. School Dist. v. School Trustees of Atascosa County, Tex. Civ.App., 281 S.W.2d 123; County School Trustees of Callahan County v. Dist. Trustees of Dist. No. 15, etc., Tex.Civ.App., 192 S.W.2d 891.

In passing upon the validity of the February orders and the judgment upon the jury findings, it is necessary that we state the circumstances of that meeting. There was no high school in either the Campbellton or Leming District, and for several years prior to 1961 most of the high school students were sent to the Pleasanton High School. For several months prior to February 27, 1961, officials of the Pleasanton District had determined that they would try to annex the Campbellton and Leming Districts. They contacted three members of the County Board and the County Superintendent in an endeavor to secure their support. The other two members of the County Board were not contacted, nor were the trustees or any of the school officials of either the Campbellton or Leming District. These parties were intentionally kept in the dark of this plan by the Pleasanton District.

A few days prior to February 27, 1961, the County Superintendent, on his own initiative, sent out cards to all members of the County Board, advising each that the County Board would meet on February 27. Meetings had been called in this manner for several years. The notice did not state the purpose of the meeting. On the night of February 27, all members of the County Board were present, together with the County Superintendent and Mr. Perry, Superintendent of the Pleasanton District. The County Superintendent had prepared an agenda for the meeting which set forth

seven items of business. This agenda was not seen by any of the members prior to the meeting. The first six items referred to various business matters, and item seven was a motion to adjourn. Nothing concerning annexation was on the proposed agenda. After the completion of the first six items of business, but before the meeting had adjourned, Trustee Mittanck introduced Superintendent Perry, who delivered two letters requesting that the County Board, under authority of Article 2922a, annex the Campbellton District and the Leming District to the Pleasanton District. After some discussion by Superintendent Perry, two verbal motions were made by Mittanck and duly seconded by another member of the Board, the exact wording of which is in dispute, but they referred to the annexation of the Campbellton and Leming Districts to the Pleasanton District. Each motion carried by a vote of three to one, with the President of the Board not voting on either motion. After the vote, a motion to adjourn was made, and although there was a dispute as to whether this motion was put to a vote there is no dispute that the meeting came to an end and all of the members left.

One of the trustees that same night advised the Principal of the Campbellton School of the County Board's action, and the Campbellton District on February 28 employed attorneys to oppose it. On March 1, 1961, President Stephens called a special meeting of the County Board. All members of the Board were verbally notified and all attended, with the exception of Trustee Mittanck and the County Superintendent. The attorney for Campbellton District presented two resolutions to the Board, which were adopted by a majority of the County Board members present. The first resolution recited that the meeting of February 27, 1961, was a called meeting, that the notice of the meeting did not state that annexation would be considered, that no notice was given to any of the school board members of the districts affected so

as to give them a chance to be heard, and then stated:

"WHEREAS, in the interest of fair play and in justice to all parties concerned in this matter, and in order to give those interested parties a chance to be heard before the action of the Atascosa County School Board becomes final, said Board now desires to correct the minutes of the meeting of February 27th, 1961, to show that said meeting was recessed to reconvene on March 1st, 1961, at 7:30 P.M. in the office of the County School Superintendent, at which time the proposition of annexing the two common school districts would be further considered;

"It is therefore ORDERED that the Minutes of Atascosa County School Board meeting of Feb. 27th, 1961, be and the same are hereby corrected to show that said meeting was recessed to reconvene on Mar. 1st, 1961, at 7:30 P.M. in the Office of the County School Superintendent at Jourdanton, Texas."

The second resolution recited that the Board was reconvening its recessed meeting, and then declared the annexation resolutions entered on February 27, 1961, to be null and void. At the time the County Board adopted these resolutions, the minutes of the earlier meeting had not been written. The Pleasanton District on March 6, duly gave notice of appeal from the action of the Board on March 1, and filed this suit in the District Court of Atascosa County as an appeal from the action which purported to set aside the earlier action of February 27. In April, consolidation elections were held in the Campbellton and Jourdanton Districts, consolidating them under the provisions of Art. 2806, Vernon's Tex.Civ. Stats. By amended petition, Pleasanton District sought injunctive relief and orders setting aside this consolidation. Upon a trial before a jury all issues were answered in favor of the Pleasanton District. The trial court rendered judgment holding that the resolutions of March 1, 1961, were null

and void, upheld the annexation orders made on February 27, and granted the injunction in favor of the Pleasanton District.

The jury found from the evidence that the County Trustees waived any deficiencies in the notice of the meeting of February 27, 1961; the County Trustees waived any defects in the manner in which the meeting of February 27, 1961 was called; a motion was made by Mittanck that the Campbellton District be annexed to the Pleasanton District under Article 2922a, Revised Civil Stats., or words having the same meaning; a majority of the members of said County Trustees present and voting, voted on February 27 in favor of annexing the Campbellton School District to the Pleasanton District under the provisions of Article 2922a; after the above vote was taken, a majority of the members of the County Board separated from the meeting of February 27, 1961, with the intent at the time of such separation to finally terminate the meeting; and at the time they separated, the majority of the members of the County Board intended their vote to be final. Similar issues were found concerning the annexation of the Leming District. The jury further found, that after concluding the business portion of the meeting of February 27, a majority of the members of said County Trustees voted in favor of adjourning such meeting without fixing a date for any future meeting; that on March 1, 1961, the County Board adopted two resolutions; that the statement in the first resolution that the meeting of February 27 was recessed to convene on March 1, 1961, at 7:30 P.M. at the office of the County School Superintendent was false; and that the statement contained in the second resolution that the Board was reconvening its recessed meeting of February 27, 1961, was also false.

■■ The manner of calling the meeting on February 27, 1961, did not invalidate the action taken at the meeting. Appellants attack the County Board's jurisdiction to consider annexation at that meeting because the Superintendent; instead of the Board President or two Board members, called the meeting. The jury findings of waiver are supported by the evidence. All members of the Board were notified, were present for the entire meeting, and made no protest. When all members of a board are present and participate in a meeting, they may take official action, and the fact that there was no notice or formal call or that the notice or call was irregular, is immaterial to the validity of the proceedings. 78 C.J.S. Schools and School Districts § 123; Hildebrand, Corporations, § 532.

■ The fact that the Board President abstained from voting because of the erroneous advice by the Superintendent that he should vote only in case of a tie, did not invalidate the action. The Board President and the other members present were not bound by the advice and had the authority to overrule it. The President was present and had an opportunity to engage in the discussion. Furthermore, the motions carried by a vote of three to one, and the President's vote, whatever it may have been, would not have changed the result.

■■ The fact that the resolution for annexation made at the February 27 meeting was oral instead of in writing did not invalidate the action. The statute does not required a written motion or order, and we are cited to no cases which require a writing. The jury found that the motions were made, seconded and carried. The findings are supported by evidence given by three Board members, and the County Superintendent. Two members disputed the content of the motions, but admitted that they carried. It was undisputed that the Pleasanton Superintendent, in writing, requested the annexation under the authority of Article 2922a. The fact that the action was not yet recorded in the minutes, though it was in fact taken, did not invalidate the action. While the minutes and records are the best evidence of the official acts of a board, and usually are the only proper evidence of it,

parol evidence is admissible where facts are omitted from or are not truly stated by the record of what was done. 78 C.J.S. Schools and School Districts § 125; Hildebrand, Corporations, § 538; Mecom v. Ford, 113 Tex. 109, 252 S.W. 491; Pickett v. Abney, 84 Tex. 645, 19 S.W. 859.

■ After the Board voted for annexation on February 27 and adjourned, the action became final and could not be rescinded at a subsequent meeting. South Taylor County Ind. School Dist. v. Winters Ind. School Dist., 151 Tex. 330, 249 S.W.2d 1010; Adkins v. Rogers, Tex.Civ. App., 303 S.W.2d 820; Weinert Ind. School Dist. v. Ellis, Tex.Civ.App., 52 S.W.2d 370. This rule is not questioned, but appellants undertook to prove that the February 27 meeting was a recessed instead of an adjourned meeting. The resolutions passed at the March 1 meeting recited that the February 27 meeting was a recessed meeting. The Pleasanton District appealed from that order. In this action it alleged and the jury found, that the recitation was false. The jury found that the Board members on February 27 voted, separated, and did so with the intent of finally terminating the meeting. There is no serious contention that the evidence does not support the finding of adjournment instead of a mere recess. There was some dispute on whether a vote was actually taken to adjourn, but there was no dispute that a trustee made a motion to adjourn, that all members left the meeting without any agreement to resume their deliberation on the annexation matter at a later time.

■ Appellants complain of the wording of Special Issues 3 and 6. Special Issue 3 was:

"Do you find from a preponderance of the evidence that at a meeting of the Board of School Trustees of Atascosa County, State of Texas, on the evening of February 27, 1961, a motion was made by C. R. Mittanck that the Campbellton Common School Dis-

trict be annexed to the Pleasanton Independent School District under Article 2922a, Revised Civil Statutes, or words having the same meaning?"

Special Issue 6 inquired about the Leming District in the same words. Appellants complain of the final words of each issue, viz., "or words having the same meaning." It is significant that appellants have not asserted error in the submission of Special Issue No. 4, as follows:

"Do you find from a preponderance of the evidence that at a meeting of the County School Trustees of Atascosa County, State of Texas, on the evening of February 27, 1961, a majority of the members of said County School Trustees present and voting, voted in favor of annexing the Campbellton Common School District to the Pleasanton Independent School District under the provisions of Article 2922a of the Revised Civil Statutes?"

Issue No. 7 reads the same, with the exception that the name of the school district is Leming instead of Campbellton. All four of these issues were answered in the affirmative. All of the witnesses present at the meeting, with the exception of Stephens and Tom, testified that a motion substantially in the language of Issues Nos. 3 and 6 was made by Mittanck. In view of the slight variation in the testimony of the witnesses, the issue was raised as to whether or not the motion was made in substantially this form. A multifarious issue has been defined as one that inquires about several different facts when each fact should be inquired about in a separate issue. Hodges, Special Issue Submission in Texas, p. 113. The issues in question do not contain this vice. In any event said error would be harmless in view of the findings of the jury on Special Issues Nos. 4 and 7.

■ Appellants also argue that the trial court erred in holding the consolidation election void. This argument assumes that the Campbellton and Leming Districts were

not already a part of the Pleasanton District at the time of the election. Since we have determined that the rescission resolutions of March 1, 1961, were improperly entered, we overrule this contention. West End Rural High School Dist. v. Columbus Consol. Ind. School Dist., 148 Tex. 153, 221 S.W.2d 777; Erath County School Trustees v. Hico County Line Ind. School Dist., supra.

We affirm the judgment.